Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

ROCKFORD TEXTILE MILLS, INC., a Corporation; Ely Group, Inc., a Corporation; and Citicorp Industrial Credit Inc., a Corporation, Defendants.

No. CIV–4–85–26.

United States District Court,
E.D. Tennessee,
Winchester Division.

March 22, 1985.

Francis X. Lilly, Solicitor of Labor, Washington, D.C., Bobbye D. Spears, Regional Solicitor, Atlanta, Ga., Carl W. Gerig, Jr., Associate Regional Solicitor, Teresa Ball, U.S. Dept. of Labor, Office of the Solicitor, Nashville, Tenn., for plaintiff.

John W. Baker, Jr., Knoxville, Tenn., for Citicorp.

Mark I. Wallach, Thomas A. Cicarella and Mitchell G. Blair, Cleveland, Ohio, for Rockford.

Thornton W. Morris, Atlanta, Ga., for Ely & Walker.

## MEMORANDUM AND ORDER

HULL, District Judge.

On Friday, March 15, 1985, the plaintiff, Raymond J. Donovan, Secretary of Labor, United States Department of Labor, filed a motion for preliminary injunction and application for temporary restraining order, seeking, among other things, to enjoin the defendants, Rockford Textile Mills, Inc., Ely Group, Inc. and Citicorp Industrial Credit, Inc. (Citicorp), from violating certain sections of the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206, 215(a)(1), and 215(a)(2). The Court denied the initial application for a temporary restraining order on March 15, 1985, and notified the parties that the Court would hold a show cause hearing on the motion for a preliminary injunction on March 20, 1985.[1] At the hearing on March 20, 1985, the Court granted a preliminary injunction in open court. This memorandum and order contains the Court's reasons for issuing the injunction and describes the acts sought to be restrained as required by Rule 65(d), Federal Rules of Civil Procedure.

It is undisputed that the defendant Ely Group, Inc. d/b/a Rockford Textile Mills, Inc. is a corporation having places of business and doing business in Warren County, Tennessee; that at all times pertinent hereto, it was engaged in the manufacture of hosiery at its manufacturing plant in McMinnville, Tennessee; and that it has been and is engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(b) and (j). It is also undisputed that the defendant Citicorp is a secured creditor of co-defend-

1. Jurisdiction to hear this matter is conferred upon the Court by 29 U.S.C. § 217.

ant Ely Group, Inc. d/b/a Rockford Textile Mills, Inc., a defaulting debtor on funds advanced by Citicorp, which funds were secured by, among other things, Ely's inventory and accounts receivable. It was stipulated by the parties that Citicorp has a perfected security interest and has taken possession of the collateral. Also undisputed is the fact that Ely Group, Inc. d/b/a Rockford Textile Mills, Inc., has failed to meet three payrolls due to be paid their employees during the workweeks ending February 9, 16, and 23, 1985. Further, it is undisputed that operations at the McMinnville plant ceased on February 19, 1985, at which time employees were told to leave.

Title 29 U.S.C. § 206 requires that employers such as Ely Group, Inc. d/b/a Rockford Textile Mills, Inc., pay its employees an hourly wage of not less than $3.35 per hour. Since it is conceded by the parties that the employees at the McMinnville plant were not paid their wages during three (3) payroll weeks, it is clear that all hosiery manufactured during that time period (from February 3, 1985, through February 19, 1985) were produced in violation of the Fair Labor Standards Act.

Title 29 U.S.C. § 215(a) provides, in pertinent part, that:

(a) ... it shall be unlawful for any person (1) to transport, offer for transportation, ship, deliver, or sell in commerce, or to ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which any employee was employed in violation of section 206 or section 207 of this title, or in violation of any regulation or order of the Administrator issued under section 214 of this title; except that no provision of this chapter shall impose any liability upon any common carrier for the transportation in commerce in the regular course of its business of any goods not produced by such common carrier, and no provision of this chapter shall excuse any common carrier from its obligation to accept any goods for transportation; and except that any such transportation, offer, shipment, delivery, or sale of such goods by a purchaser who acquired them in good faith in reliance on written assurance from the producer that the goods were produced on compliance with the requirements of this chapter, and who acquired such goods for value without notice of any such violation, shall not be deemed unlawful; (2) to violate any of the provisions of section 206 or section 207 of this title, or any of the provisions of any regulation or order of the Administrator issued under section 214 of this title;

....

Title 29 U.S.C. § 217 accords the district court jurisdiction to issue orders restraining violations of 29 U.S.C. § 215.

The issue presented in this instance is whether Citicorp as a secured creditor in possession is subject to be enjoined pursuant to 29 U.S.C. § 217 from violating 29 U.S.C. § 215.

The defendant Citicorp urges the Court to adopt the rationale used by the Court of Appeals for the Second Circuit in *Wirtz v. Powell Knitting Mills Co.*, 360 F.2d 730 (2d Cir.1966) which held that the "hot goods" provision does not reach creditors foreclosing by valid process for nonpayment of funds previously advanced. This rationale was adopted by the Fourth Circuit in *Schultz v. Factors, Inc.*, 65 CCH Lab.Cas. 32, 487 (4th Cir.1971) with the proviso that there must be no evidence of "collusion between the manufacturer and his financier permitting the introduction into the market of goods produced in violation of the Act." [2] Apparently, there are no Supreme Court or Sixth Circuit cases on point with the instant case.

The plaintiff Secretary of Labor contends that 29 U.S.C. § 215(a) is intended by Congress as an absolute prohibition against the sale or shipment of "hot goods" by "any person", with only two exceptions: one for common carriers and one for innocent purchasers, as specifically provided under the

---

**2.** The rationale used in the *Powell* and *Factors* decisions was adopted by the district court in

*Dunlop v. Sportsmaster, Inc.*, 77 Lab.Cas. 33, 293 (E.D.Tenn.1975.)

Act. The Court agrees and thus does not address the issue of whether there was collusion between the defendants in this case.

One of the basic purposes of 29 U.S.C. § 215 is to exclude from interstate commerce goods produced under substandard labor conditions which would compete unfairly with goods produced by complying employers, and which in their total effect might force complying employers out of business. Title 29 U.S.C. § 215, as passed by Congress, specifically provides an exception for common carriers in order "to prevent a case involving the constitutionality of the act from arising in a suit between a shipper and a common carrier, to which the Government was not a party, inasmuch as the common carrier has no interest in the issue of constitutionality, but only in its obligation to accept goods for transportation." (H.Rept. 2182, 75th Cong., 3d Session, 1938, p. 14). Under the original Act, all persons except carriers were subject to the prohibition in 29 U.S.C. § 215(a)(1). In 1949, however, Congress granted an exception for innocent purchasers who had no intent to deal in "hot goods." To invoke this exception, the purchaser has the affirmative duty to assure himself that the goods in question were produced in compliance with the Act. The purchaser must show that he acquired the goods (1) for value, (2) in good faith, (3) without notice of violations, and (4) after obtaining written assurances from the producer that the goods were produced in compliance with the Act's requirements.

No exception was specifically made by Congress in 29 U.S.C. § 215(a)(1) for a foreclosing creditor, and this Court refuses to read such an exception into the Act.

Secured creditors such as Citicorp take their security subject to the laws of the land. If such creditors have a security interest in property which was produced in violation of the provisions of the Fair Labor Standards Act, they retain their security interest, however, that interest is subject to the provisions of the Act. The Fair Labor Standards Act was enacted for the benefit and protection of the laborers and for the benefit and protection of employers who comply with the Act. As previously noted, goods produced in violation of the Act would compete unfairly with goods produced by complying employers. The market should not be flooded with goods produced in violation of the Act. In this instance, both the employees and the secured creditor are innocent parties, the culprit being the manufacturer. However, in light of the purposes of the Act, it would be an unjust and harsh result for the creditor to get the benefit of the labor of the employees during the period of time they produced goods and were not paid as provided by the Act; a benefit which the creditor would not have without the employees labor.

Upon consideration of the motion for a preliminary injunction filed herein, the supporting affidavits of Richard Corbin and Bob Woodward, and the stipulation of facts by the parties at the hearing, it appearing to the Court that there is reason to believe that shipments are being or are about to be made, by defendant Citicorp Industrial Credit, Inc., and/or others, of goods which were produced by employees of the defendants Ely Group, Inc., and Rockford Textile Mills, Inc., in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206, as amended, and since the movement of such goods in commerce will result in immediate and irreparable injury or damage to the plaintiff and the public interest, since such movement will make use of the channels and instrumentalities of commerce to perpetuate an unfair method of competition and interfere with the orderly and fair marketing of goods in commerce, it is

ORDERED that plaintiff's motion for a preliminary injunction be and the same hereby is granted, and it is further ORDERED that defendants, their officers, agents, servants, employees, all persons in active concert or participation with them and all other parties who receive actual notice of this order by personal service or otherwise be, and hereby are, enjoined from transferring, releasing, disposing of

218

or attempting to dispose of, liquidating, divesting, removing, allowing the removal of, or attempt to remove from the premises of defendants' establishment in McMinnville, Tennessee, or elsewhere, any goods which were produced during the period of time from February 3, 1985, through February 19, 1985, in violation of 29 U.S.C. § 206, now on said premises or elsewhere and from disposing of or attempting to dispose of such goods.

This order shall remain in effect until final disposition of this case.